UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No._____–Civ–_____/_____

SABRINA MCLEAN,

    Plaintiff,

vs.

CARNIVAL CORPORATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Sabrina Mclean, sues Defendant, Carnival Corporation, and alleges:

### A. Summary of Case

1. This is a trip-and-fall negligence case brought by a cruise-ship passenger against a cruise line.

### B. Basis for Jurisdiction and Venue

2. This case falls within the district court's diversity-of-citizenship jurisdiction because:

    (a) The Plaintiff is a citizen of Virginia.
    (b) The Defendant is a corporation incorporated under the laws of the Republic of Panama, and its principal place of business is in Florida.
    (c) The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, as the Plaintiff sustained a significant, permanent injury to her right shoulder for which she underwent surgery in April 2022.

3. This case has been filed in this district because the Plaintiff's cruise ticket contains a forum-selection clause that requires actions such as this to be filed only in the United States District Court in Miami, Florida.

### C. Rule 9(h)(1) Designation

4. Because the Plaintiff's accident occurred on a ship sailing in navigable waters and because the ship was engaged in an activity–pleasure cruising–bearing a substantial relationship to traditional maritime activity, the Plaintiff's claim for relief falls within the admiralty or maritime jurisdiction and is governed by the general maritime law. But the claim also falls within the district court's subject-matter jurisdiction on diversity-of-citizenship grounds, and so the Plaintiff designates this claim as one brought at law under the court's diversity-of-citizenship jurisdiction. (But this claim is still governed by the general maritime law.)

### D. Two Counts of Negligence

### Count 1
### Negligence: Tripping Hazard

5. On or about December 22, 2022, the Plaintiff was a fare-paying passenger aboard the *Carnival Legend*, a cruise ship owned and operated by the Defendant, and docked in the Bahamas.

6. At that time and place the Defendant owed the Plaintiff a duty of reasonable care.

7. At that time and place, the Defendant breached its duty of care toward the Plaintiff when one or more of its employees improperly aligned the gangway with the ship so that a small lip emerged at the top end of the gangway (the end that touches the ship), which was a tripping hazard.

8. At the time the employees misaligned the gangway, they were acting within the course and scope of their employment with the Defendant, so the Defendant is legally responsible for their actions under the respondeat superior doctrine.

9. On or about December 22, 2022, after the Defendant's employee(s) had misaligned the gangway, the Plaintiff returned to the ship from a shoreside excursion.

10. To board the ship, the Plaintiff walked up the gangway, and when she got to the end of the gangway she tripped over the raised lip that was caused by the misalignment.

11. When she fell, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and

treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

12. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000 in damages, and costs, and the Plaintiff demands a jury trial.

## Count 2
## Negligence: Failure to Warn

13. On or about December 22, 2022, the Plaintiff was a fare-paying passenger aboard the *Carnival Legend*, a cruise ship owned and operated by the Defendant, and docked in the Bahamas.

14. At that time and place the Defendant owed the Plaintiff a duty of reasonable care.

15. At that time and place, the Defendant breached its duty of care toward the Plaintiff when it failed to warn the Plaintiff about a tripping hazard–a raised lip if metal–at the top of a gangway.

16. That tripping hazard had been created by one or more of the Defendant's employees when he or she improperly aligned the gangway with the ship so that a small lip emerged at the top end of the gangway (the end that touches the ship).

17. On or about December 22, 2022, after the Defendant's employee(s) had misaligned the gangway, the Plaintiff returned to the ship from a shoreside excursion.

18. To board the ship, the Plaintiff walked up the gangway and, when she got to the end of the gangway, no one warned her about the raised lip, and so she tripped over it.

19. When she fell, the Plaintiff suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer these losses in the future.

20. The Plaintiff has performed all conditions precedent to be performed by her, or the conditions have occurred.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000

in damages, and costs, and the Plaintiff demands a jury trial.

### E. Request for Jury Trial

The Plaintiff respectfully demands a jury trial.

>Respectfully submitted,
>
>David W. Singer (Florida Bar No. 306215)
>dsingeresq@aol.com
>Peter G. Walsh (Florida Bar No. 970417)
>pwalsh@1800askfree.com
>David W. Singer & Associates, PA
>1011 South Federal Highway
>Hollywood, FL  33020
>954-920-1571
>Attorneys for the Plaintiff, Sabrina Mclean