United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Sabrina Mclean, Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-23187-Civ-Scola |
| | ) | |
| Carnival Corporation, Defendant. | ) | |

## Order

This matter is before the Court on the Defendant's motion to dismiss the Plaintiff's amended complaint. (ECF No. 14.) The Plaintiff filed a response to the motion (ECF No. 20), and the Defendant filed a reply memorandum in support of its motion (ECF No. 25). After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **denies** the Defendant's motion. (**ECF No. 14**.)

### 1. Background

In December 2021, Plaintiff Sabrina Mclean was a passenger onboard the Carnival *M/S Legend.* (Am. Compl., ¶¶ 5, 13, ECF No. 13.) While the ship was docked in the Bahamas, the Plaintiff alleges that she tripped, fell, and was injured walking up the gangway to the ship to board after returning from a shore excursion. (*Id.* ¶¶ 9-11.) The Plaintiff pleads that she tripped and fell because the Carnival employees who were operating the gangway "improperly aligned the gangway with the ship so that a small lip emerged at the top end of the gangway (the end that touches the ship)." (*Id.* ¶ 8.) This, the Plaintiff asserts, "constituted a tripping hazard" and the Plaintiff did, in fact, trip on the "raised lip." (*Id.* ¶¶ 8, 10.) The Plaintiff alleges that she suffered "bodily injury and resulting pain" along with other injuries as a result of tripping over the raised lip at the end of the gangway. (*Id.* ¶ 11.)

The Defendant, Carnival Corporation ("Carnival"), now moves to dismiss the amended complaint on three grounds. First, Carnival argues, the amended complaint is a shotgun pleading because the Plaintiff mislabels her two vicarious liability claims as direct negligence claims. (Mot. to Dismiss, at 4-5, ECF No. 14.) Second, Carnival asserts that the Plaintiff was required to plead that Carnival had notice of the alleged tripping hazard because the Plaintiff improperly pleads her claims as vicarious liability when they must be direct negligence claims. (*Id.* at 5-6.) The Plaintiff responds in opposition to both points, arguing that the amended complaint does not fit any of the four categories of shotgun pleadings and that she sufficiently pleads claims for vicarious liability. (Resp. at 3-4.)

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. *See Twombly*, 550 U.S. at 557. "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556.

## 3. Analysis

### A. The Amended Complaint Is Not a Shotgun Pleading

First, the Defendant argues that the amended complaint is a shotgun pleading "because both counts allege a hybrid cause of action resting somewhere between direct negligence and vicarious liability." (Resp. at 4.) This is not one of the categories of shotgun pleadings that the Eleventh Circuit has identified, and

as the Court will address further below, the amended complaint sufficiently pleads causes of action for vicarious liability.

The Eleventh Circuit recognizes four types of shotgun pleadings: (1) "complaint[s] containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) complaints that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) complaints that do not separate "into a different count each cause of action or claim for relief"; and (4) complaints that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015).

The amended complaint fits none of those categories. Carnival's primary concern—that the titles of the two counts imply that the Plaintiff brings claims for direct negligence, while the bodies of the two counts suggest that the Plaintiff is at least in part pursuing claims for vicarious liability—does not fall within the ambit of shotgun pleadings. (Mot. at 4-5); *Weiland*, 792 F.3d at 1321-23. While the Plaintiff's mistitling of the two vicarious liability counts as claims for "negligence" on its own could be confusing, the supporting paragraphs of both counts make clear that the Plaintiff pleads claims for vicarious liability. The amended complaint is not a shotgun pleading, and the Court will not dismiss it as such.

### B. The Amended Complaint Pleads Sufficient Facts to Support Claims for Vicarious Liability

The Defendant next asserts that the amended complaint attempts to plead what are in reality claims for direct negligence against Carnival as the shipowner as claims for vicarious liability instead. (Mot. at 5-6.) The Defendant relies heavily on a recent Eleventh Circuit case, *Holland v. Carnival.* 50 F.4th 1088 (11th Cir. 2022). Accordingly, the Defendant argues, the Plaintiff must plead that Carnival had notice of the alleged dangerous conditions, but the Plaintiff makes no such allegations. (Mot. at 5-6.)

In response, the Plaintiff asserts that the facts of this case are closer to another recent Eleventh Circuit case, *Yusko v. NCL (Bahamas) Limited.* 4 F.4th 1164 (11th Cir. 2021). The Plaintiff argues that because it alleges that certain employees of Carnival's engaged in a specific negligent act, and Carnival is vicariously liable for the injuries caused by that act, the Plaintiff did not need to plead notice. (Resp. at 5.)

In *Holland*, the Eleventh Circuit held that, where a plaintiff brought allegations of vicarious liability against a defendant (there, like here, Carnival), claims for vicarious liability did not withstand scrutiny and must be considered claims for the shipowner's direct negligence where there was "nothing in [the plaintiff's] complaint that would lead one to understand his claims as seeking to impose liability on an otherwise nonfaulty Carnival for an employee's negligence." *Holland*, 50 F.4th at 1094. There, the plaintiff based his complaint on allegations that "Carnival 'was vicariously liable for any negligence or failure to exercise reasonable care by its crewmembers' to maintain a hazardfree [sic] stairway or to warn of any hazardous condition on the stairway." *Id.* Crucially, the Eleventh Circuit observed that the plaintiff "did not identify any specific crewmember whose negligence caused [his] injury." *Id.*

In *Yusko*, however, the Eleventh Circuit held that the requirement to plead a shipowner's notice in maritime negligence cases "does not—and was never meant to—apply to maritime negligence claims proceeding under a theory of vicarious liability." *Yusko*, 4 F.4th at 1167. The plaintiff in *Yusko* alleged that she was injured when a ship's crewmember (a dance instructor) allowed her to fall and hit her head during a period of dancing instruction. *Id.* at 1166. Because the plaintiff there was able to identify a specific crewmember whose negligent actions harmed her, the court agreed that she sufficiently stated a claim for vicarious liability.

The allegations in the amended complaint here are much closer to those in *Yusko* than in *Holland*. The Plaintiff identifies here a specific action by crew members of Carnival's—"misaligning the gangway"—that allegedly caused her injury. (Am. Compl. ¶¶ 7-8, 16-17.) While the Plaintiff does not specifically name the crewmembers, there is no requirement in the law that she do so, and it would seem fundamentally unfair to require the Plaintiff to remember the names of each of the crewmembers involved in the incident simply to file a complaint. There were, undoubtedly, specific crewmembers involved in the incident that the Plaintiff alleges. The Plaintiff's allegations are not general allegations of a failure to maintain a safe premises. *See Yusko*, 4 F.4th at 1167. These specific allegations are sufficient to plead a claim for vicarious liability rather than Carnival's direct negligence. *See id.*

Finally, the Court briefly observes that the Plaintiff has pleaded sufficient facts to support her claims for vicarious liability. Vicarious liability requires a showing of negligence by an <u>employee</u> of the defendant. *Holland*, 50 F.4th at 1094. In claims for vicarious liability, "a shipowner's duty to a plaintiff is not relevant." *Id.* Rather, "the principle of vicarious liability allows an otherwise non-faulty employer to be held liable for the negligent acts of that employee acting within the scope of employment." *Id.* (cleaned up.)

The Plaintiff pleads sufficient facts to make a claim for vicarious liability. First, the Plaintiff pleads that certain employees of Carnival's "misaligned the gangway" that she was to use to board the ship. (Am. Compl. ¶¶ 7-8, 16-17.) And she pleads that those employees were acting within the scope of their employment. (*Id.* ¶¶ 8, 17.) Those facts alone are sufficient to support that (1) the employees acted negligently and (2) Carnival may be vicariously liable for its employees' negligent actions. *Yusko*, 4 F.4th at 1167.

Although the Plaintiff puts forward an incorrect legal theory for a claim of vicarious liability in both counts—a defendant is not negligent based on the acts of its employees, but rather is vicariously liable for the negligent acts of its employees—the Plaintiff nonetheless pleads sufficient facts to support claims for vicarious liability in both counts. The amended complaint does not provide sufficient allegations to support claims of direct negligence against Carnival, and the Plaintiff specifically alleges that she does not intend to bring such claims. (Am. Compl. ¶¶ 8 n.2, 17 n.3). Accordingly, the amended complaint "possesses enough heft" to suggest a plausible entitlement to relief for claims of vicarious liability. *See Twombly*, 550 U.S. at 557. The Court therefore denies the Defendant's motion to dismiss the amended complaint.

## 4. Conclusion

For the reasons stated above, the Court **denies** Defendant Carnival's motion to dismiss the amended complaint. (**ECF No. 14**.)

**Done and ordered** in Miami, Florida, on January 23, 2023.

Robert N. Scola, Jr.
United States District Judge